# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

          **Plaintiff,**

-vs-                                       Case No.  **6:05-cv-916-Orl-31KRS**

**FUNDS DESCRIBED IN "ATTACHMENT**         **6:05-cv-1326-Orl-31KRS**
**A" TO THE COMPLAINT FOR**              **6:05-cv-1670-Orl-31KRS**
**FORFEITURE IN REM, et al.**                **6:06-cv-76-Orl-31JGG**
                                                  **(Consolidated)**

             **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Partially Lift Stay (Doc. 126) filed by Jude LaCour ("LaCour") and Jive Networks, Inc. ("Jive Networks"), and the response (Doc. 127) filed by the United States.

## I.    Background

The four complaints in this consolidated forfeiture proceeding were filed in 2005 and 2006. LaCour and Jive Networks (henceforth, the "Claimants"), who contend that they have an interest in at least some of the property that is the subject of this proceeding, have not yet filed any claims or answered any of the forfeiture complaints.  Initially, they sought and received extensions of the deadline for doing so.  In January 2006, shortly before the last such extension expired, the Court granted the government's motion for a stay of these proceedings.  (Doc. 82).  The government had argued that the Claimants were the subjects of a criminal investigation, and the civil discovery the Claimants sought in this proceeding could undermine that investigation or the potentially resulting

prosecution. (Doc. 72 at 5). The Claimants failed to timely respond to the motion, which was therefore granted as unopposed.

More recently, the Claimants filed a motion (Doc. 111) to quash a warrant of arrest in rem for a bank account located in Bermuda. The motion to quash relied on procedural shortcomings, such as the government's alleged failure to demonstrate that it could effectuate service of process on the res, or that it could obtain actual or constructive control of the res. (Doc. 120 at 3). On June 27, 2007, the Court denied the motion, finding that the government had satisfied the pertinent requirements for the issuance of such a warrant. (Doc. 120 at 7). On August 22, 2007, the Claimants filed a notice of appeal (Doc. 121) of the order denying the motion to quash.

On appeal, the government has argued that the Claimants lack standing to challenge the denial of the motion to quash because they have not filed a claim in these proceedings. (Doc. 127 at 4). The Claimants now seek to partially lift the stay in this Court so that they can file claims and answers. (Doc. 126 at 2). The government argues that the Claimants' appeal divested this Court of jurisdiction to lift the stay. (Doc. 127 at 4).

## II.     Standards

A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). A district court does not have the power to "alter the status of the case as it lies before the Court of Appeals." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1990). The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case involved in the appeal. *Griggs*, 459 U.S. at 58, 103 S.Ct. at 402, 74 L.Ed.2d 225.

However, an interlocutory appeal, such as the one filed here by the Claimants, does not necessarily divest the Court of jurisdiction over the entire case. *See*, *e.g.*, *Marrese v. American Academy of Othopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (holding that interlocutory appeal of criminal contempt judgment based on discovery noncompliance did not prevent trial court from amending an earlier-entered order denying a motion to dismiss). In collateral matters not involved in the appeal, however, the district court retains jurisdiction. *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

The appeal at issue here does not, on its face, involve the stay in any way. Despite this, the government contends that the Court lacks authority to lift it. In the government's view, the Claimants' standing is clearly at issue on appeal, and the lifting of the stay might affect their standing by allowing them to file a claim and acquire the necessary standing. As such, the argument continues, the notice of appeal divested this Court of jurisdiction to life the stay. (Doc. 127 at 5). After careful review, the Court find that this goes too far.

The Court is not being asked to determine whether the Claimants had standing to pursue their appeal or to do anything that might, itself, affect their standing to do so. Assuming that the government's contentions about standing are correct, this Court would lack authority to do either of these things because they would alter the status of the case before the Court of Appeals. But the Claimants are merely seeking to have the stay lifted. The stay itself is entirely collateral to the matter currently on appeal. Its establishment and continuation have nothing to do with the merits of the motion to quash – or the merits of the forfeiture proceeding itself, for that matter. The mere

-3-

fact that the Claimants might take some action in response to the lifting of the stay is not enough to preclude the Court from lifting it.[1]

Nonetheless, having found that it possesses the authority to do so, the Court is not inclined to lift the stay solely to bolster the Claimants' standing argument on appeal.  If the stay is lifted, these cases will be moving forward.  However, as neither side addressed this possibility, the Court can not assess whether the criminal investigation is still at a point where it could be undermined by discovery in these proceedings.  It is therefore

**ORDERED** that the United States and the Claimants shall file, not more than 10 days after the entry of this order, a response addressing whether it would be appropriate to lift the stay in its entirety and, if this would not be appropriate, an estimate of how much longer it will be until these proceeding can resume.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 19, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1]The Court expresses no opinion as to whether the Claimants possessed the requisite standing when they filed their appeal or whether, if they lacked standing, the subsequent filing of a claim could cure such a shortcoming.

-4-